# 26-0346-cv

# United States Court of Appeals

### *for the*

# Second Circuit

HONGYU XIE, individually and on behalf of all others similarly situated,

*Plaintiff-Appellant,*

YVETTE YANG, individually and on behalf of all others similarly situated,

*Plaintiff,*

– v. –

NANO NUCLEAR ENERGY, INC., JAY YU, JAMES WALKER, JAISUN GARCHA,

*Defendants-Appellees.*

———————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR JUDICIAL NOTICE

TAMAR A. WEINRIB
JEREMY LIEBERMAN
POMERANTZ LLP
*Attorneys for Plaintiff-Appellant*
600 Third Avenue, 20th Floor
New York, New York 10016
(212) 661-1100

COUNSEL PRESS
A Proceed Service
The Appellate Experts®
(800) 4-APPEAL • (393950)

## <u>TABLE OF CONTENTS</u>

I.   ARGUMENT ..................................................................................................1

   A.  Plaintiff Had No Obligation to Submit Corroborative Material to the District Court, and Declining to Amend Does Not Bear on the RJN ...........2

   B.  The RJN Exhibits Are Relevant to the Issues on Appeal, and Defendants' Characterization of the RJN Is Inaccurate ...................................................4

   C.  The RJN Exhibits Are Properly Noticed Without Regard to "Extraordinary Circumstances," and the Cases Defendants Cite Are Inapposite .................7

   D.  Exhibit 5 Independently Warrants Judicial Notice ....................................10

II.   CONCLUSION .........................................................................................11

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Boca Raton Firefighters & Police Pension Fund v. Bahash*,
  506 F. App'x 32 (2d Cir. 2012) ...............................................................6

*Dixon v. von Blanckensee*,
  994 F.3d 95 (2d Cir. 2021) ...................................................................7, 8

*Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*,
  146 F.3d 66 (2d Cir. 1998) ......................................................................6

*Keil v. City of New York*,
  2022 WL 619694 (2d Cir. Mar. 3, 2022)..............................................7, 8, 9

*One World, LLC v. Onoufriadis*,
  2021 WL 4452070 (2d Cir. Sep. 29, 2021) .......................................7, 8, 9, 10

*One World, LLC v. Onoufriadis*,
  No. 21-374 (2d Cir. May 20, 2021), 2021 WL 2075564....................................9

*ONY, Inc. v. Cornerstone Therapeutics, Inc.*,
  720 F.3d 490 (2d Cir. 2013) ..............................................................10, 11

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*.
  551 U.S. 308 (2007)................................................................................7

*United States v. Bleznak*,
  153 F.3d 16 (2d Cir. 1998) ......................................................................9

## Rules

Fed. R. Evid. 201 ..............................................................................*passim*

Federal Rule of Appellate Procedure 10................................................................9

Rule 12(b)(6)...............................................................................................2

ii

## I.   ARGUMENT

Defendants' opposition does not dispute that the RJN Exhibits[1] satisfy Rule 201(b): each is a press release NNE itself issued or a document NNE itself filed with the SEC, the accuracy of which "cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Defendants do not contend that any RJN Exhibit is inauthentic, misdated, or inaccurate in any respect. They also concede that this Court may take judicial notice "at any stage of the proceeding, including appeal." RJN Opp. at 3. *See also* Fed. R. Evid. 201(d); Fed. R. Evid. 201(f) advisory committee's notes to 1972 proposed rules ("In accord with the usual view, judicial notice may be taken at any stage of the proceedings, *whether in the trial court or on appeal*." (emphasis added)). Defendants instead raise three incorrect procedural objections — that Exhibits 1 through 4 should have been presented below, that all five Exhibits are "irrelevant" to this appeal, and that no "extraordinary circumstances" justify their consideration. None has merit.

---

[1] All defined terms shall have the meanings set forth in the Request for Judicial Notice, filed on May 28, 2026 ("RJN") (Dkt. No. 23.1). "RJN Opp." references are to Appellees' Opposition to Appellant's Request for Judicial Notice, filed on June 8, 2026 (Dkt. No. 29.1).

### A. Plaintiff Had No Obligation to Submit Corroborative Material to the District Court, and Declining to Amend Does Not Bear on the RJN

Defendants argue that because Exhibits 2 and 3 predate the Complaint, and Exhibits 1 and 4 predate the January 8, 2026 Order, Plaintiff "chose not to" bring them to the District Court's attention and cannot now rely on them. RJN Opp. at 5. This argument conflates two entirely different functions a document can serve — curing a pleading deficiency versus corroborating a sufficiently pled allegation — and Defendants identify no authority requiring a plaintiff to do the latter.

As Plaintiff's RJN explained, the RJN Exhibits are offered "solely to corroborate allegations already made in the Complaint, not to cure any pleading deficiency." RJN at 7-8. The Complaint's allegations regarding NNE's microreactor and fuel fabrication timelines were independently sufficient as pled. Plaintiff's position, as set forth in the RJN, is that the District Court erred in its analysis of the Complaint as written. Nothing about that position required Plaintiff to supplement an already-fully-briefed motion with additional factual material that does not change the content of a single allegation in the Complaint.

Defendants identify no rule, local rule, or case requiring a plaintiff to file a letter or supplemental submission attaching corroborative material to a pending Rule 12(b)(6) motion. Indeed, Defendants' own brief does not cite any authority for the proposition that Plaintiff could "have asked for judicial notice before the district

2

court ruled," RJN Opp. at 8; the assertion is rhetorical, not legal. Further, Exhibits 1, 4, and 5 post-date Plaintiff's filing of the Memorandum of Law in Opposition to Defendants' Motion to Dismiss Second Amended Class Action Complaint. A-11 (Dist. Ct. Dkt. No. 65). A party is not required to seek leave to file unsolicited supplemental submissions corroborating allegations the court has not yet ruled insufficient, and Defendants point to nothing suggesting otherwise.

Defendants' suggestion that Plaintiff should have included Exhibits 1 through 4 in a third amended complaint fares no better, for the same reason: a plaintiff is not required to amend a complaint to add corroborative material where the existing allegations are independently sufficient. Plaintiff's position throughout this appeal is that the Complaint adequately pleads falsity and scienter; amending to add Exhibits 1 through 4 would have been unnecessary to that position and would not have changed the content of a single challenged statement or omission. Plaintiff's decision not to amend reflects the position that the Complaint sufficed as filed. That decision has no bearing on whether this Court may take judicial notice of corroborative, indisputably authentic material on appeal.

This is particularly so because the RJN Exhibits are NNE's own press releases and SEC filings. Defendants cannot and do not dispute their contents, dates, or authenticity. Where the material at issue is the opposing party's own public statements about its own business, the ordinary concerns underlying restrictions on

3

new appellate material — unfairness to the opposing party from an inability to respond, factual disputes the trial court never had a chance to resolve — simply do not arise. RJN at 7-8.

### B. The RJN Exhibits Are Relevant to the Issues on Appeal, and Defendants' Characterization of the RJN Is Inaccurate

Defendants argue the RJN Exhibits are "irrelevant" to the falsity, scienter, and control-person issues raised in Plaintiff's opening appeal brief (Dkt. No. 25.1 at 17-53) and further assert that Plaintiff "makes no attempt to specify which allegations the Exhibits purport to corroborate" (RJN Opp. at 6). That assertion is incorrect and contradicted by the RJN itself. The RJN identifies, exhibit by exhibit, the precise allegation each corroborates.

Exhibit 1 (the ODIN letter of intent) corroborates the Complaint's allegation that NNE's 2030–31 microreactor commercialization timeline lacked a genuine basis because a company that genuinely believed a reactor design would achieve commercial deployment within six years does not sell that design for $6.2 million fourteen months after the Class Period. RJN at 5.

Exhibit 2 (the KRONOS designation) corroborates the Complaint's allegation that NNE had not initiated the pre-application process for any microreactor design *during* the Class Period; KRONOS was acquired six months after the Class Period closed, meaning NNE had zero reactors with any formal NRC engagement during the Class Period itself. RJN at 5.

4

Exhibit 3 (the LIS Technologies investment) corroborates the Complaint's allegation that NNE's projected 2027 fuel fabrication facility had no viable HALEU supply pathway during the Class Period because NNE's pivot away from the Centrus-supplied model to a related-party laser enrichment startup whose technology would not be commercially viable until the mid-2030s demonstrates that the HALEU pathway described to investors was illusory. RJN at 5-6.

Exhibit 4 (the Form S-3) corroborates the same conclusion, confirming that more than three years after Defendants told investors construction would begin in 2025, NNE had only "tentatively identified" a site and was only beginning to "build the team." RJN at 6.

Exhibit 5 (the April 2026 Form 8-K) further corroborates the absence of any viable fuel fabrication plan during the Class Period, disclosing yet a third distinct and unexecuted fuel fabrication model. RJN at 6-7.

Each of these corroborates the Complaint's allegations of falsity and scienter — the precise issues Plaintiff raises on appeal. Defendants' assertion that Plaintiff "makes no attempt to specify" the connection between the Exhibits and the Complaint's allegations cannot be reconciled with the RJN's text.

Tellingly, Defendants do not dispute the substance of a single one of these corroborative points. Defendants do not dispute that NNE sold ODIN for $6.2 million fourteen months after the Class Period; do not dispute that KRONOS was

5

acquired six months after the Class Period; do not dispute that NNE pivoted to LIST and away from the Centrus model; and do not dispute that NNE had, by its own admission, only "tentatively identified" a fuel fabrication site as of mid-2025. Defendants' silence on each of these points — disputing only the abstract "relevance" of the documents that establish them — speaks for itself.

Defendants' reliance on *Boca Raton Firefighters & Police Pension Fund v. Bahash*, 506 F. App'x 32, 36 n.4 (2d Cir. 2012), does not advance their relevance argument. RJN Opp. at 6. In *Boca Raton*, this Court denied judicial notice of deposition testimony from an unrelated case on the grounds that the testimony was "neither undisputed, nor relevant." *Boca Raton*, 506 F. App'x at 36 n.4. The court specifically noted that "testimony from another case that is not common knowledge or derived from an unimpeachable source is not properly subject to judicial notice." *Id.* (citing *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70-71 (2d Cir. 1998)). The RJN Exhibits are categorically different from the contested third-party deposition testimony at issue in *Boca Raton*. They are NNE's own press releases and legally required SEC filings — documents that are indisputably accurate as to their content, authored by the party opposing this motion, and derived from precisely the kind of unimpeachable source Rule 201(b)(2) addresses. Unlike the deposition testimony in *Boca Raton*, Defendants do not and cannot dispute the accuracy, authenticity, or content of a single RJN Exhibit.

6

Moreover, unlike *Boca Raton*, where the proffered material was offered to supplement the evidentiary record in a way that would effectively amend the complaint, the RJN Exhibits corroborate specific, already-pled allegations — not new theories— and raise no concern about circumventing the pleading requirements.

Moreover, the fact that the Exhibits are offered for "corroboration" does not render them irrelevant. The question on appeal is whether the Complaint's allegations — including its allegations regarding the implausibility of NNE's stated timelines and the falsity of its statements regarding regulatory progress and HALEU supply — suffice to satisfy *Tellabs*'s "cogent and compelling" standard. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*. 551 U.S. 308, 324 (2007). Material confirming that the inferences the Complaint asks this Court to draw are correct is relevant to that inquiry, even though the Complaint's allegations are independently sufficient without it.

### C. The RJN Exhibits Are Properly Noticed Without Regard to "Extraordinary Circumstances," and the Cases Defendants Cite Are Inapposite

Defendants argue that Plaintiff "misstates the law" by contending judicial notice may be taken absent extraordinary circumstances, and cite *Dixon v. von Blanckensee*, 994 F.3d 95, 104 (2d Cir. 2021), *Keil v. City of New York*, 2022 WL 619694, at *4 n.6 (2d Cir. Mar. 3, 2022), and *One World, LLC v. Onoufriadis*, 2021 WL 4452070, at *2 (2d Cir. Sep. 29, 2021), for the proposition that extraordinary

7

circumstances are required. RJN Opp. at 7-8. But Defendants' own lead authority —

*Dixon* — supports Plaintiff, not Defendants.

As Plaintiff's RJN explained, *Dixon* held that the "extraordinary circumstances" standard applies "primarily in cases in which a party moves to supplement the record with new evidence that is *not* subject to judicial notice," and that this Court has "denied motions to strike extra-record material that did not meet the 'extraordinary circumstances' standard but of which [this Court] could otherwise take judicial notice." 994 F.3d at 103; RJN at 8. The RJN Exhibits are judicially noticeable under Rule 201(b)(2) — Defendants do not contend otherwise — and *Dixon* itself draws the distinction that controls here. Defendants cite *Dixon* only for its general statement that appellate courts will not *ordinarily* consider matters outside the record below, without engaging the very next portion of the same opinion on which Plaintiff relies. *See also Dixon*, 994 F.3d at 103 (granting judicial notice and observing that "almost any circumstance in which an appellate court is asked to take judicial notice of a fact (as opposed to reviewing a district court's decision to take judicial notice) would likely be one in which the matter in question was not already part of the record below"). Nor do Defendants anywhere dispute the plain text of Rule 201(d); indeed, they concede that this Court can take judicial notice "at any stage of the proceeding, even appeal," RJN Opp. at 3, but fail to reconcile Rule 201(d) with the extraordinary-circumstances cases on which it relies.

8

Neither *Keil* nor *One World* alters this analysis, because neither involved the situation present here: judicially noticeable material, under Rule 201, corroborating allegations and issues already squarely presented to and ruled upon by the District Court. In *Keil*, this Court denied a motion to supplement the record because the documents were "irrelevant to the question of whether the district court abused its discretion by denying Plaintiffs' motion for a preliminary injunction" — the specific issue on appeal in that case. 2022 WL 619694, at *4 n.6 (citing *United States v. Bleznak*, 153 F.3d 16, 21 n.2 (2d Cir. 1998), for the proposition that courts decline notice of matters "not relevant to [the] disposition of [the] appeal"). *Keil*'s holding rests entirely on irrelevance and is thus inapplicable for the reasons set forth in Section II above.

In *One World*, plaintiffs had alleged a pattern of racketeering activity below, and on appeal sought to rely on new evidence — bank subpoenas obtained in a separate litigation — to support that already-pled allegation. 2021 WL 4452070, at *2; Brief for Defendant-Appellee at 38-40, *One World, LLC v. Onoufriadis*, No. 21-374 (2d Cir. May 20, 2021), 2021 WL 2075564. Unlike here, the *One World* plaintiffs never filed a request for judicial notice and never invoked Rule 201 at all; this Court treated the subpoenas simply as unauthenticated "new evidence" that the plaintiffs sought to add to the record without any motion under Federal Rule of Appellate Procedure 10(e). 2021 WL 4452070, at *2. The subpoenas were also third-

9

party discovery materials from a separate action — not the kind of self-authenticating, indisputably accurate material Rule 201(b)(2) addresses.

The RJN Exhibits present an entirely different posture. Plaintiff has filed a proper request for judicial notice invoking Rule 201(b)(2), and the RJN Exhibits are not third-party discovery materials of uncertain provenance — they are NNE's own press releases and SEC filings, whose accuracy "cannot reasonably be questioned." *One World*'s treatment of unauthenticated third-party subpoenas offered without any Rule 201 showing says nothing about whether a properly noticed Rule 201(b)(2) exhibit — an opposing party's own public filings — may be considered on appeal to corroborate allegations, like falsity and scienter, that were squarely before and decided by the District Court.

### D. Exhibit 5 Independently Warrants Judicial Notice

Defendants concede that Exhibit 5 — NNE's April 8, 2026 Form 8-K — was not available until after judgment was entered on February 12, 2026. RJN Opp. at 8. Defendants nonetheless argue, citing *One World*, that this does not qualify as an "extraordinary circumstance." For the reasons explained in Section III, *One World* does not control here: it addressed unauthenticated third-party evidence offered without any invocation of Rule 201.

By contrast, this Court's decision in *ONY, Inc. v. Cornerstone Therapeutics, Inc.*, 720 F.3d 490 (2d Cir. 2013) — cited in the RJN and not addressed anywhere

10

in Defendants' opposition — directly supports judicial notice of Exhibit 5. *ONY* took judicial notice of facts relevant to a motion to dismiss that arose "after the district court dismissed the complaint." 720 F.3d at 495; RJN at 7. Exhibit 5 is precisely such a fact: a Form 8-K filed by NNE itself, three months after the District Court's dismissal order, disclosing yet a third distinct and unexecuted fuel fabrication model and further corroborating the Complaint's allegations regarding the implausibility of NNE's 2027 timeline. Defendants offer no response to *ONY* and no basis to distinguish it.

## II.    CONCLUSION

For the foregoing reasons and those set forth in Plaintiff's opening RJN, this Court should take judicial notice of Exhibits 1 through 5.

Dated: June 15, 2026                         Respectfully submitted,

                                             POMERANTZ LLP

                                             */s/ Tamar A. Weinrib*
                                             Jeremy A. Lieberman
                                             Tamar A. Weinrib
                                             600 Third Avenue, 20th Floor
                                             New York, New York 10016
                                             Telephone: (212) 661-1100
                                             Facsimile: (917) 463-1044
                                             jalieberman@pomlaw.com
                                             taweinrib@pomlaw.com

                                             *Lead Counsel for Plaintiff and the Class*

11

12

HAO & HAN LAW FIRM
Junbo Hao
12B05, Tower A
Ocean Express Building
Chaoyang District, Beijing
People's Republic of China
Telephone: +86 137-1805-2888
jhao@haolaw.cn

*Additional Counsel for Hongyu Xie*

## **CERTIFICATE OF COMPLIANCE**

This document complies with the type-volume limit of Fed. R. App. P. 27(D)(2)(C), because, excluding the parts of the document exempted by Fed. R. App. P. 32(f): this document contains 2452 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because: this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point font Times New Roman.

Dated: June 15, 2026                    */s/ Tamar A. Weinrib*
                                        Tamar A. Weinrib